FILED

**NOT FOR PUBLICATION**

JUL 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30098 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00155-BLW-1 |
| v. | |
| JESUS GUADALUPE SANCHEZ, AKA Che, AKA Jose Salazar, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted July 9, 2014[**]
Seattle, Washington

Before: ALARCÓN, KLEINFELD, and MURGUIA, Circuit Judges.


Jesus Guadalupe Sanchez challenges the 400-month sentence imposed

following his jury-trial conviction for conspiring to possess with intent to distribute

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sanchez argues that the district court violated his Sixth Amendment rights when it made factual findings to determine his base offense level and apply various adjustments in accordance with the advisory U.S. Sentencing Guidelines.  This argument is foreclosed by our precedent.  Sanchez relies primarily on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 133 S. Ct. 2151 (2013).  Taken together, Apprendi and Alleyne hold that any fact that increases the statutorily prescribed maximum or mandatory minimum sentence must be found by a jury beyond a reasonable doubt.  Apprendi, 530 U.S. at 490; Alleyne, 133 S. Ct. at 2158.  But the Sixth Amendment is not violated when a sentencing court finds facts while exercising its discretion to impose a sentence within the statutorily prescribed range.  United States v. Vallejos, 742 F.3d 902, 906–07 (9th Cir. 2014); see also Alleyne, 133 S. Ct. at 2163; United States v. Treadwell, 593 F.3d 990, 1017–18 (9th Cir. 2010).  The jury convicted Sanchez of conspiring to possess with intent to distribute 50 grams or more of actual methamphetamine, a crime for which the mandatory minimum sentence is ten years and the maximum sentence is life in prison.  21 U.S.C. §§ 841(b)(1)(A).  The court sentenced

2

Sanchez to 400 months.  Because the court's findings did not affect the statutory maximum or mandatory minimum sentence, <u>Apprendi</u> and <u>Alleyne</u> do not apply. <u>Vallejos</u>, 742 F.3d at 906.

Next, Sanchez contends that the district court procedurally erred by failing to address his arguments for reducing his sentence based on the disparity between his sentence and some of his co-conspirators and the disparity between sentences for methamphetamine crimes and other drugs.  We review for plain error.  <u>See United States v. Valencia-Barragan</u>, 608 F.3d 1103, 1108 (9th Cir. 2010).

Though the district court did not explicitly reject Sanchez's arguments, this does not constitute plain error.  We held in <u>United States v. Carter</u> that the sentencing judge is not required to specifically address each and every argument for a sentence reduction where the record reflects that the judge considered the arguments alongside the 18 U.S.C. § 3553(a) factors and adequately explained the sentence imposed.  560 F.3d 1107, 1118–19 (9th Cir. 2009).  Like the sentencing judge in <u>Carter</u>, the judge in this case presided over the trial, reviewed the pre-sentence report and the parties' submissions, listened to argument by both parties at the sentencing hearing, considered the § 3553(a) factors and discussed most of

them, was familiar with the defendant's crimes and personal situation, and adequately explained the sentence. See id. Indeed, the judge ultimately imposed a below-Guidelines sentence after adopting some of Sanchez's other arguments. We also note that the judge had good reasons for not reducing the sentence based on a disparity between Sanchez's sentence and those of his co-conspirators. Unlike his co-conspirators, who cooperated with the prosecution and got reduced sentences, Sanchez did not cooperate, obstructed justice, and was found to be the leader of the conspiracy. See, e.g., id. at 1121 (noting that "a sentencing disparity based on cooperation is not unreasonable"). No plain error occurred.

For similar reasons, we reject Sanchez's argument that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing a below-Guidelines sentence. See Gall v. United States, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) sentencing factors. See id.

**AFFIRMED.**

4