UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent<br><br>v.<br><br>JESUS GUADALUPE SANCHEZ,<br><br>Defendant-Movant. | Case No. 1:16-cv-00101-BLW<br>1:12-cr-00155-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Jesus Guadalupe Sanchez's ("Sanchez") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1) (Crim. Dkt. 676). Having conducted a preliminary review of the Motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the Court enters the following Order dismissing the Motion.

## BACKGROUND

Sanchez was convicted following a jury trial of conspiracy to possess with intent to distribute methamphetamine and of possession with intent to distribute

methamphetamine. *Jury Verdict*, Crim. Dkt. 459. On April 8, 2013, the Court imposed a sentence of 400 months on each count to run concurrently and to be followed by five years of supervised release on each count to run concurrently, and Judgment was entered on April 9, 2013.[1] *Sentencing Minutes*, Crim. Dkt. 581; *Judgment*, Crim. Dkt. 583. On July 21, 2014, the Ninth Circuit Court of Appeals affirmed his sentence. *USCA Mem.*, Crim. Dkt. 656. On December 1, 2014, the United States Supreme Court denied his petition for a writ of certiorari. *U.S. Sup. Ct. Letter*, Crim. Dkt. 661. On March 10, 2016, the Court received the pending § 2255 Motion accompanied by a letter of transmittal dated March 6, 2016 (Civ. Dkt. 1-2).

Sanchez's letter stated that he had "mailed a copy of a 2255 petition and Brief in support of that Petition" on October 1, 2015, that he had recently been informed that his Petition had not been received by the Court, and that he was enclosing copies "of the Petition and Brief in support I originally mailed to your office."

The § 2255 Motion was signed on October 1, 2015, and contained a declaration under penalty of perjury that it was placed in the prison mailing system on October 1, 2015. *§ 2255 Motion*, at 14. The Certificate of Service on the accompanying brief states under penalty of perjury that the document was mailed to the Clerk of Court on October 1, 2015.

---

[1] On January 22, 2016, Sanchez's sentence was reduced to 360 months upon the joint stipulation of counsel for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). *See Order*, Crim. Dkt. 674.

**STANDARD OF LAW**

A motion pursuant to 28 U.S.C. § 2255 must be brought within one year of the latest of the following possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Where a movant files a petition for a writ of certiorari, judgment becomes final when the Supreme Court affirms a conviction on the merits or when it denies the petition. *See Clay v. United States*, 537 U.S. 522, 527 (2003).

"A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." *Rule 3 of the Rules Governing Section 2255 Proceedings*. "Timely filing may be shown by a declaration . . . or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *Id*.

**DISCUSSION**

In his § 2255 Motion, Sanchez alleges (1) that defense counsel provided constitutionally deficient representation by advising him to reject a favorable Plea Agreement, and (2) that the recent Supreme Court decision in *Hurst v. Florida* created a new rule of law that "establishes that [his] rights were violated." *§ 2255 Motion* at 5-6. He requests the Court to vacate his sentence and resentence him under a "favorable plea." *§ 2255 Motion* at 14. He states that his § 2255 Motion "was timely place (sic) in the prison mailbox" on October 1, 2015. *§ 2255 Motion* at 13. However, he does not state that first-class postage had been prepaid as required by Rule 3. Sanchez's § 2255 Motion was accompanied by a supporting brief expanding on the arguments asserted in his § 2255 Motion. *See* Civ. Dkt. 1-1.

As stated above, the Supreme Court denied Sanchez's petition for a writ of certiorari on December 2, 2014. Therefore, his conviction became final on that date and the deadline for filing a § 2255 motion became December 2, 2015.

Even if the Court were to overlook the fact that Sanchez's declaration was deficient in that it did not state that first-class postage had been prepaid, it could not find that the § 2255 Motion had been mailed, and thus filed, on October 1, 2015. Rather, the Court finds that is impossible that it had been mailed at any time prior to January 12, 2016, the date of the Supreme Court decision in *Hurst v. Florida*, 136 S.Ct. 616 (2016), because both the § 2255 Motion and the supporting brief contain arguments based on *Hurst*, a case that had not yet been decided on October 1, 2015. Therefore, the Court

regards his § 2255 Motion as having been filed March 10, 2016, the date it was received by the Court, and over three months after the deadline had passed pursuant to 28 U.S.C. § 2255(f)(1). Thus, his § 2255 Motion is subject to dismissal.

To the extent that Sanchez is attempting to claim that the *Hurst* decision started the statute of limitations running as of January 12, 2016, pursuant to § 2255(f)(3), that claim must fail. Sanchez claims that *Hurst* "created a new rule of law that establishes that [his] rights were violated." *§ 2255 Motion*, Ground Two. He elaborated in his supporting brief that those rights were violated at sentencing when the Court made findings regarding the drug quantity, his role in the conspiracy, and his alleged obstruction of justice. Civ. Dkt. 1-1 at 4.

Sanchez challenged his sentence on appeal alleging that judicial findings on sentencing factors that increased his sentence violated his Sixth Amendment rights. The Ninth Circuit rejected that argument. *United States v. Sanchez*, 583 Fed. App'x. 727 (9th Cir.), *cert. denied*, 135 S. Ct. 732 (2014). Recognizing that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S.Ct. 2151 (2013), taken together, preclude judicial fact-finding that increases the statutory maximum or the mandatory minimum sentence, the court concluded that the judicial fact-finding utilized in sentencing Sanchez within the statutory range was constitutionally permissible. *Id.* (citing *United States v. Vallejos*, 742 F.3d 902, 906-07 (9th Cir. 2014)). Here, Sanchez's sentence of 400 months was within the statutory range of ten (10) years to life. *Hurst* does not call into question the Ninth Circuit's holding.

In *Hurst*, the Supreme Court invalidated a Florida capital sentencing scheme under which imposition of a death sentence required a judge rather than a jury to make findings of certain aggravated circumstances in violation of *Apprendi* and *Ring v. Arizonza*, 536 U.S. 584 (2002). *Hurst*, 136 S. Ct. at 624. *Hurst* is factually and legally distinguishable given that the statutory maximum of life authorized by the jury's verdict in *Hurst* was exceeded based on judicial fact-finding.

**CONCLUSION**

The Court did not receive Sanchez's § 2255 Motion until March 10, 2016 more than three months after the deadline for filing had passed. The declaration that it was mailed on October 1, 2015 is not credible given that it cites and bases an argument upon a Supreme Court decision that was not issued until January 12, 2016. Furthermore, that decision is not applicable to the facts of this case. Accordingly, Sanchez's § 2255 Motion is untimely under either § 2255(f)(1) or § 2255(f)(3) and thus subject to dismissal.

**CERTIFICATE OF APPEALABILITY**

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists

would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's decision to be debatable or wrong.

**ORDER**

**IT IS ORDERED:**

1. Jesus Guadalupe Sanchez's Motion to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) and (Crim. Dkt. 676) is **DISMISSED**.
2. No certificate of appealability shall issue. Sanchez is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.
3. If Sanchez files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.




DATED: September 12, 2016

B. Lynn Winmill
Chief Judge
United States District Court