U.S. COURTS

AUG 01 2022

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JULY 22nd, 2022

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:12-cr-00155-BLW-001 |
| Plaintiff, | |
| vs. | DEFENDANTS MOTION IN RESPONSE TO DKT. #747 |
| JESUS GUADALUPE SANCHEZ, | |
| Defendant. | (( PRO-SE )) |

Petitioner <u>JESUS GUADALUPE SANCHEZ</u>., is in response to the U.S. Attorneys docket no. <u>747</u>.

Petitioner respectfully response and fully explains that the prisoner truly believes that the First Step Act of 2018 will become retroactive in the up coming months to come and would request permission from this court to bring this motion on <u>Abeyance</u>, until retroactivity comes to play to all who where sentence before the enactment prior to the FSA of 2018. <u>Mr. Sanchez</u>, meets all requirements under the soon to come retroactive because he was sentence under methamphetamine and according to the Government they believe that he has no right to ask this Court if eligible for the enactment under FSA 2018.

Petitioner states that he is fully eligible under the First Step Act of 2018 which became New Law in December 21, 2018, and

many federal prisoner sentence prior the enactment of the FSA are now being released before retroactive stages.

Petitioner would show as proof and explain to this court why the prisoner believes he is entitled to relief, and why the guidelines and the applicable laws have changed.

This court has the discretion to recognized that several aspects of the law have changed and, consequently, similarly situated individuals are now subjected to vastly lower mandatory minimum sentences than that received by Mr. Sanchez, which is an extraordinary and compelling reasons to adjust his sentence accordingly., And on the possibility that the law in question will formally be made retroactive in the future, Mr. Sanchez has served just about half 50% percent that includes good time, of his sentence and the new law under FSA of 2018 mandatory minimum sentences, or minimum sentences would be for a sentence enhancement to which be the prisoner or defendant today would no longer be eligible. "PLEASE SEE: CITED CASES, Seen below as follows."

CITED CASES

1.
U.S. v. Ebbers, 432 F. Supp. 3d 421, 427 n.6 (S.D.N.Y. 2020)(" The First Step Act reduces the BOP's control over compassionate release and vested greater discretion with courts.

2.
U.S. v. Cantu, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019)(vesting BOP with authority to determine whether extraordinary and compelling reasons present "no longer describes and apporopriate

2.

use of sentence modification provision and is thus no part of the applicable policy statement binding the Court").

3.
U.S. v. McPherson, 454 F. Supp. 3d 1049, 1052 (W.D. Wash. 2020) U.S.S.G. § 1B1.13, which the Commission promulgated in 2007 to describe what should be considered "extraordinary and compelling reasons" for a sentence reduction, has yet to be amended in keeping with the First Step Act.

4.
U.S. v. Aruda, 993 F.3d 797, 801 (9th Cir. 2021)("The Sentencing Commission ha not yet issued a policy statement 'applicable' to 3582(c)(1)(A) motions filed by a defendant. The Sentencing commission statements in U.S.S.G. § 1B1.13 may inform a /District Court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). Several district courts, when confronted with circumstances similar to those at issue here found it with in their discretion to grant compassionate release's.

5.
U.S. v. Jesus-Mateo, Case No. 98-009 (FAB) at 2 (D.P.R.) JUNE 9, 2021)(attached as Ex. 4)(grating compassionate release when "If sentence today, the defendant would face no enhance mandatory minimum or enhancement s of any kind under sentence" and the sentencing between the defendant and all co-defendants would be "glaring").

6.
U.S. v. Morefield, No. 2:13-CR-02113-SAB-1, 2021 U.S. Dist. LEXIS 74934, at #10 (E.D. Wash. Apr. 19, 2021)("If Defendant where sentenced today, he would no longer be facing a mandatory life sentence or any enhance sentences and would be facing a less advisory new guideline range.) Courts have considered these factors through out the sisters district courts in their decission to grant motions under F.S.A. or compassionate releases.

7.
U.S. Sloan, Criminal Action No. 3:93-CR-00028-GCM at #4 (W.D. N.C. June 8, 2021)(attached as Ex. 5)(granting compassionate release when the defendant's sentence was three times longer than it would be if he were sentence today).

8.
U.S. v. Huggans, Case No. 4:07-CR-541-CDP at 8-10(E.D. Mo. June 11, 2021)(attached as Ex.6)(granting compassionate relief to a defendant sentenced to life under §851 when his current guideline would have been 235 to 293 months.

9.
U.S. v. Williams, Case No. 5:12-CR-14, 2020 WL 5834673, at #8 (W.D. Va. Sept. 30, 2020).

10.
<u>U.S. v. Day</u>, 474 F. Supp. 3d 790, 806-07 (E.D. Va. 2020).

11.
<u>U.S. v. Roberto Mendez-Sanchez</u>, Case No. 2:06-CR-00425-MJP, - See: Dkt #1081 Filed 02/25/2022 U.S. Dist. Western Dist. Washington Seattle,- ("Court GRANTS the Motion. The Court also GRANTS Mendez-Sanchez's Motion to - file an Overlength Brief.")("(1) The Court reduces Mendez-Sanchez's remaining sentence to time served and Mendez-Sanchez's shall be released from custody 14 days from the date of this Order accommodate a quarantine period with the Federal Bureau of Prisons. If Mendez-Sanchez's test COVID-19 positive at any time during this quarantine period, the Federal Bureau of Prisons shall notify the Government which will immediately notify the Court so that this Order can be modified as appropriate; and")("(2) The Court withdraws and vacates the term of supervised release contained in the original judgement, particularly in light of the pending ICE detainer and Mendez-Sanchez's desire to return to Mexico.") "All under conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),846;"

---

Petitioner <u>Jesus Guadalupe Sanchez</u>, states that he is not an attorney to fundamentally understand the law and has only resear--ched little and read updates in the Institution prison Law Library LEXIS - "Computer available to all inmates" and has been aware of the new issues pertaining to First Step Act of 2018, up coming relating to retroactive . The Defendant has served at - or more than 10 years that includes good time. The federal prisoner truly believes FSA will go in affect in the future and respectfully request permission from this Court to bring this motion on <u>Abeyance</u>.

So respectfully requested, Sworn Under 18 U.S.C. §<u>1746</u>
Signed on this <u>22nd</u>, day of <u>JULY 2022</u>

x Sanchez Jesus
Jesus Guadalupe Sanchez., #72761-308

4.

GOVERNMENTS
Dkt. #747

JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
CHRISTOPHER A. BOOKER, IDAHO STATE BAR NO. 7672
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JESUS GUADALUPE SANCHEZ, <br><br> Defendant. | Case No. 1:12-cr-00155-BLW-001 <br><br> **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT OF 2018** |

The United States of America, by and through Joshua D. Hurwit, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, hereby files its opposition to Defendant's Motion to Reduce Sentence Under the First Step Act of 2018 (ECF No. 746).

## DISCUSSION

**I.  Retroactivity Under the First Step Act of 2018 Does Not Apply to Defendant.**

The First Step Act ("FSA") was enacted to reform various aspects of the criminal justice system. In relevant part, Section 404 of the FSA makes the Fair Sentencing Act of 2010 apply retroactively. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194 (2018).

Under Section 404, a "covered offense" for which retroactivity applies is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." *Id.* Thus, this retroactivity specifically applies to offenses under Section 2 or 3 of the Fair Sentencing Act.

Section 2 of the Fair Sentencing Act established higher threshold quantities of cocaine-based substances for triggering statutory mandatory minimums. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat 2372 (2010). Section 3 eliminated mandatory penalties for simple possession of crack. *Id.* Therefore, **retroactivity under Section 404 of the FSA only applies to cocaine offenses.**

In 2013, Defendant was convicted for both possession with intent to distribute methamphetamine, and conspiracy of the same crime. (Judgment of Jesus Guadalupe Sanchez, ECF No. 583.) Thus, Defendant's sentence is based entirely on methamphetamine-related offenses. Accordingly, his sentence is not eligible for retroactive relief under the FSA.

## CONCLUSION

For the reasons set forth above, the Court should deny Defendant's Motion. Retroactivity under the First Step Act does not apply to methamphetamine offenses.

Respectfully submitted this 5th day of July, 2022.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:


*/s/ Christopher Booker*
CHRISTOPHER BOOKER
Assistant United States Attorney

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT OF 2018 - 2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 5, 2022, the foregoing **UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Jesus Guadalup Sanchez<br>Inmate No.72761-308<br>FCI Three Rivers<br>Federal Correctional Institution<br>P.O. Box 4200<br>Three Rivers, TX 78071 | ☒ United States Mail, postage prepaid<br>☐ Fax<br>☐ ECF filing<br>☐ Email |

/s/ *Mackenzie Nyland*
Legal Assistant

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT OF 2018 - 3

JESUS GUADALUPE SANCHEZ., "Petitioner//Defendant"

U.S. Register no. 72761-308

U.S. FEDERAL BUREAU OF PRISONS
FEDERAL CORRECTIONAL INSTITUTION
UNIT JIM WELLS., Cell #

Post Office Box 4200

Three Rivers, Texas 78071

Official Business

U.S. DISTRICT COURT

FOR THE DISTRICT OF IDAHO

(( OFFICER OF THE DISTRICT CLERK )

505 West Fort Street, Room #400

Boise, IDAHO 83724-0101

EXAMINED

U.S. MARSH
District of Idaho
AUG 01 2022
EXAMINED

7020 3160 0001/6889 3709

CERTIFIED MAIL