UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS GUADALUPE SANCHEZ,<br><br>Defendant. | Case No. 1:12-cr-00155-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Jesus Guadalupe Sanchez's Motion to Reduce Sentence Under the First Step Act of 2018 (Dkt. 76). The Government opposes the motion. For the reasons set forth below, the Court will deny the motion.

# BACKGROUND

Sanchez was convicted following a jury trial of conspiracy to possess with intent to distribute methamphetamine and of possession with intent to distribute methamphetamine. *Jury Verdict*, 459. On April 8, 2013, the Court imposed a sentence of 400 months on each count to run concurrently and to be followed by

MEMORANDUM DECISION AND ORDER - 1

five years of supervised release on each count to run concurrently, and Judgment was entered on April 9, 2013.1 *Sentencing Minutes*, Dkt. 581; *Judgment*, Dkt. 583. On July 21, 2014, the Ninth Circuit Court of Appeals affirmed his sentence. *USCA Mem.*, Dkt. 656. On December 1, 2014, the United States Supreme Court denied his petition for a writ of certiorari. *U.S. Sup. Ct. Letter*, Dkt. 661. On January 22, 2016, Sanchez's sentence was reduced to 360 months upon the joint stipulation of counsel for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). *See Order*, Dkt. 674. Sanchez's original 400-month sentence fell below the applicable Sentencing Guidelines.

Sanchez has now spent 118 months in federal prison. While he has been serving his sentence, Congress has enacted significant changes to federal sentencing law. He now brings a motion asking the Court to reduce his sentence under the First Step Act of 2018.

## ANALYSIS

In 1984 Congress abolished parole in the federal criminal justice system. Simultaneously, through 18 U.S.C. § 3582(c), Congress gave federal courts authority to modify individual sentences where "there is justification for reducing a term of imprisonment." S. Rep. No. 98-225, at 52, 56 (1983); *see generally* Shon Hopwood, *Second Looks & Second Chances*, 41 Cardozo L. Rev. 83, 102 (2019).

**MEMORANDUM DECISION AND ORDER - 2**

For more than 30 years, Congress gave the Bureau of Prisons Director exclusive authority to file § 3582(c)(1)(A) motions. *Hopwood, supra*, at 104-106. The BOP used this power rarely. The Office of the Inspector General found that BOP mismanaged the program; an average of only 24 incarcerated people were released each year between 2006 and 2011. *See* Office of the Inspector Gen., U.S. Dep't of Just., The Fed. Bureau of Prisons' Compassionate Release Program 1 (2013), https://www.oversight.gov/sites/default/files/oig-reports/e1306.pdf (last visited December 3, 2021).

In 2018, Congress enacted the First Step Act, which expanded the means for pursuing a § 3582(c)(1)(A) motions. *See* First Step Act of 2018, Pub. L. No. 115-391, sec. 603, 132 Stat. 5194, 5238-41. An incarcerated person may now bring a motion on his own behalf. 18 U.S.C. § 3582(c)(1). To do so, he must first make the request to the warden of his facility and then, if the warden does not act, either wait 30 days or exhaust his administrative right to appeal. *Id.* Once a defendant properly brings a motion in federal court, the statute empowers a district court to modify a final sentence by applying the three-factor test articulated below.

In addition, Section 404 of the First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010 and empowers district courts to "impose a reduced sentence" as if the Fair Sentencing Act had been in effect at the

**MEMORANDUM DECISION AND ORDER - 3**

time of the defendant's offense. Under the First Step Act, the district court must first determine a defendant's eligibility for relief and then decide whether a reduced sentence is appropriate. Retroactivity only applies, however, to certain "covered offenses" – specifically certain cocaine offenses. Thus, as Sanchez was convicted solely based on methamphetamine-related offense, his sentence is not eligible for retroactive relief under the First Step Act.

Sanchez appears to recognize that he is not entitled to retroactive relief but "fully explains that the prisoner truly believes that the First Step Act of 2018 will become retroactive [as to offenses involving methamphetamine] in the up coming months to come and would request permission from this court to bring this motion on <u>Abeyance</u>, until retroactivity comes to play to all who were sentence[d] before the enactment [of the First Step Act]." *Def's Reply*, p. 1, Dkt. 748. While this Court will not delay ruling on Sanchez's motion as requested, the Court will deny the motion *without prejudice*, and Sanchez may refile the motion if his belief regarding the First Step Act's retroactivity provisions come to fruition in the upcoming months.

Alternatively, Sanchez may file a motion to reduce his sentence pursuant to § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) provides that a district court may modify a final sentence in some situations. If Sanchez pursues such a motion, it will be

MEMORANDUM DECISION AND ORDER - 4

governed by the requirements of that statute, which include the following:

- Before appealing to the court, the defendant must exhaust his administrative remedies. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

- The court must then make three findings: (1) a reduced sentence is consistent with applicable Sentencing Commission policy statements; (2) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief; and (3) "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). If any one of the three factors is not met, the court may deny relief. *Keller*, 2 F.4th at 1284.

- The defendant bears the burden of establishing these requirements by a preponderance of evidence. *See, e.g., United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *Walton v. Arizona*, 497 U.S. 639, 650 (1990) (holding that a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), overruled on other grounds by *Ring v. Arizona*, 536 U.S. 584, 609 (2002).

- In considering whether the defendant has met his burden of establishing that "extraordinary and compelling reasons" warrant a

**MEMORANDUM DECISION AND ORDER - 5**

reduction in his sentence, the Court "may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant." *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022); *United States v. McCreery*, No. 1:08-CR-00091-BLW-4, 2022 WL 6152761, at *4 (D. Idaho Oct. 7, 2022) (With that guidance in mind, the Court has no hesitation in finding Mr. McCreery's sentencing disparity extraordinary and compelling….This disparity, combined with Mr. McCreery's rehabilitation, warrants a sentence reduction."). However, these standards are not applicable here because Sanchez's motion was not filed under § 3582(c)(1)(A).

## ORDER

**IT IS ORDERED** that Jesus Guadalupe Sanchez's Motion to Reduce Sentence Under the First Step Act of 2018 (Dkt. 76) is **DENIED WITHOUT PREJUDICE.**

DATED: February 10, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6